STATE OF NORTH CAROLINA
v.
RALPH KIRBY CHITWOOD, II
No. COA08-759
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.
Thomas B. Kakassy for Defendant-Appellant.
McGEE, Judge.
Ralph Kirby Chitwood, II (Defendant) appeals from an order denying his motion to suppress evidence seized pursuant to a vehicle stop. For the following reasons, we affirm.
Defendant was tried in district court for driving while impaired and no vehicle registration. Defendant appealed to the superior court for a trial de novo and filed a motion to suppress prior to trial. After the superior court conducted a suppression hearing in which it heard testimony from Defendant and Detective D.M. Whitlock (Detective Whitlock) of the Gastonia Police Department, the superior court denied Defendant's motion to suppress. Defendant pled guilty to driving while impaired and having no vehicle registration, and reserved his right to appeal the superior court's denial of his motion to suppress. The trial court sentenced Defendant to twelve months in prison, suspended the sentence and placed Defendant on twenty-four months of unsupervised probation.
The evidence at the suppression hearing tended to show that on 9 December 2003, at approximately 12:30 a.m., Detective Whitlock was on routine patrol on Highway 321 North in Gaston County. Detective Whitlock observed a Chevrolet Avalanche (the vehicle) traveling southbound on the highway and noticed "[t]here was no tag properly attached to the vehicle." The vehicle's rear window was "very dark[ly]" tinted, which made it "almost impossible to see in the rear window." Detective Whitlock stopped the vehicle. He approached the driver's side and asked Defendant for his driver's license. Defendant complied. As a result of the stop, Detective Whitlock subsequently issued a citation to Defendant for driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and for operating a motor vehicle without registration in violation of N.C. Gen. Stat. § 20-111(1). After the vehicle was towed, Detective Whitlock discovered a temporary Colorado license plate in the rear window.
Defendant contends on appeal that the trial court erred in denying Defendant's motion to suppress because Detective Whitlock did not have probable cause to stop him. However, our Supreme Court recently held that "reasonable suspicion is the necessary standard for traffic stops, regardless of whether the traffic violation was readily observed or merely suspected." State v.Styles, 362 N.C. 412, 415, 665 S.E.2d 438, 440 (2008) (citations and footnote omitted). "A court must consider `the totality of the circumstancesthe whole picture' in determining whether a reasonable suspicion to make an investigatory stop exists." State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (quotingUnited States v. Cortez, 449 U.S. 411, 417, 66 L. Ed. 2d 621, 629 (1981)). "The stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by [the officer's] experience and training." Id. "The only requirement is a minimal level of objective justification, something more than an `unparticularized suspicion or hunch.'" Id. at 442, 446 S.E.2d at 70 (quoting United States v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989)).
Thus, the issue before this Court is whether Detective Whitlock had a reasonable suspicion that Defendant was involved in criminal activity by violating North Carolina traffic laws. Under N.C. Gen. Stat. § 20-111(1) it is unlawful "[t]o drive a vehicle on a highway . . . when the vehicle is not registered with the Division in accordance with this Article or does not display a current registration plate." N.C. Gen. Stat. § 20-111(1)(2007).
In the case before us, the testimony shows that it was approximately 12:30 a.m. when Detective Whitlock observed Defendant's vehicle traveling on a public highway; the vehicle did not have a "registration plate on the back"; and Detective Whitlock could not see a license plate otherwise displayed. Based on this evidence and the "totality of the circumstances[,]" see Watkins, 337 N.C. at 441, 446 S.E.2d at 70 (quoting Cortez, 449 U.S. at 411, 66 L. Ed. 2d at 629), Detective Whitlock possessed reasonable suspicion to believe that Defendant was operating the vehicle without a proper registration tag in violation of N.C. Gen. Stat. § 20-111(1). See Styles, 362 N.C. at 414, 665 S.E.2d at 440. Accordingly, we affirm the trial court's denial of Defendant's motion to suppress.
Affirmed.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).